■ In the Matter of WILLIAMS & CONNOLLY, Appellant, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Respondent.—Weiss, J. P. Appeal from a judgment of the Supreme Court (Conway, J.), entered December 15, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent partially denying petitioner's freedom of information request for documents.

Pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL), petitioner, a Washington, D. C., law firm, requested from the State Department of Health (hereinafter DOH) certain documents relating to the examination of residents of the Town of Fort Edward, Washington County. Petitioner is trial counsel for General Electric Company (hereinafter GE) in a suit brought by Fort Edward residents who claim that, in operating its local facility, GE caused the chemical trichloroethylene (hereinafter TCE) to enter their residential wells and that exposure to the chemical

caused personal injury and property damage. DOH provided some of the requested documents but denied access to others. Subsequently, petitioner brought this CPLR article 78 proceeding seeking access to three disputed documents.

The first document is a February 23, 1983 memorandum from Dr. H. Lawrence Vallet, a public health physician and director of DOH's Bureau of Environmental Epidemiology and Occupational Health, to Dr. Nicholas Vianna, another director for DOH. According to Vallet's affidavit, in the memorandum he summarized reports he had received from physicians regarding their examination of Fort Edward residents. The reports were provided in response to a letter Vallet sent stating that, because of high TCE levels in well water samples, DOH felt it "prudent" for residents to have complete physical examinations and, according to Vallet, were part of a scientific study for the reduction of morbidity and mortality. Vallet also said he had orally assured the physicians that the information would be kept confidential.

The second document in dispute is a March 29, 1983 memorandum and accompanying chart from Vallet to Vianna containing physicians' responses, in telephone interviews regarding their examinations of Fort Edward residents, to the question, "Was there any clinical or laboratory abnormality noted that is consistent with exposure to toxic substances?"

The third document is a March 22, 1983 memorandum from Walter Livey, the associate director for DOH's Division of Health Risk Control and an attorney, to Dr. Robert Huffaker, then associate director for DOH's Office of Public Health, which, according to the affidavit of DOH's coordinator of FOIL request searches, contains Livey's legal opinions on the State's right to obtain reports of physical examinations of Fort Edward residents, interpretations of Public Health Law § 206 (1) (j), recommendations on information to be provided to a DOH employee assigned to review Fort Edward physicians' reports, and opinions on DOH's use of examination information and its compliance with the Public Health Law.

Supreme Court denied the petition, ruling that Vallet's two memoranda were confidential and exempt from disclosure pursuant to Public Health Law § 206 (1) (j) and Public Officers Law § 87 (2) (a), and that the third document was a "deliberative, non-final, intra-agency document" exempt from disclosure pursuant to Public Officers Law § 87 (2) (g). This appeal followed.

Respondent argues that since Vallet, the author of the first

two memoranda, stated in his affidavit that the medical information he summarized therein was obtained in connection with a study intended to reduce morbidity and mortality, the memoranda are part of a Public Health Law § 206 (1) (j) study *(see, Matter of Grattan v People,* 65 NY2d 243; *Matter of Love Canal,* 92 AD2d 416). Respondent further argues that Public Health Law § 206 (1) (j) qualifies for the Public Officers Law § 87 (2) (a) exemption from disclosure.

Petitioner accurately argues that the issue is not whether Public Health Law § 206 (1) (j) falls within the Public Officers Law § 87 (2) (a) exemption to the FOIL presumption of access to records; clearly, it does. Rather, the issue is whether DOH has proved convincingly, by more than mere conclusory allegations, that the Vallet memoranda refer to material obtained pursuant to a Public Health Law § 206 (1) (j) study and are thus confidential and immune from public scrutiny. In our view, respondent has adequately shown, by Vallet's affidavit, that his memoranda summarize results of such a study and are thus confidential pursuant to Public Officers Law § 87 (2) (a). Supreme Court therefore properly ruled concerning Vallet's memoranda.

Supreme Court erred, however, in holding that Livey's memorandum is exempt from disclosure. Parts of Livey's memorandum may qualify for the Public Officers Law § 87 (2) (g) intraagency memorandum exemption since they were part of DOH's deliberative process *(see, Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131). Other portions of it, however, may be found to be "instructions to staff that affect the public" since they deal with a public health matter and are thus subject to FOIL disclosure *(see,* Public Officers Law § 87 [2] [g] [ii]). Accordingly, there should be a remittal to Supreme Court for a determination upon an in camera inspection as to which parts of the Livey memorandum should be redacted and which released.

Supreme Court, having found Livey's memorandum exempt from disclosure pursuant to Public Officers Law § 87 (2) (g), did not reach respondent's alternative argument that the memorandum is exempt from public inspection under the attorney-client privilege of CPLR 4503 (a) *(see, Manufacturers & Traders Trust Co. v Servotronics,* 132 AD2d 392). To invoke this privilege, the party asserting it must demonstrate that an attorney-client relationship was established and that the information sought to be withheld was a confidential communication made to the attorney to obtain legal advice or services *(People v Mitchell,* 58 NY2d 368, 373; *see, Matter of Gavin,* 39

AD2d 626, 628, *lv denied* 31 NY2d 643; *see also, Steele v New York State Dept. of Health,* 119 Misc 2d 963, 966). Since this privilege is an "obstacle" to the truth-finding process, it should be cautiously applied *(Matter of Priest v Hennessy,* 51 NY2d 62, 68). Respondent has failed to demonstrate that Livey's memorandum is entitled to protection as an attorney-client confidential communication. Sufficient facts are not alleged to permit a finding that the requisite confidential relationship arose between Livey, as client, and the attorneys who received copies of his memorandum, or between Livey, as attorney, and Huffaker.

Judgment modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's application regarding the memorandum written by Walter Livey; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.