THE STATE, EX REL. BEACON JOURNAL PUBLISHING CO., APPELLEE, *v.* UNIVERSITY OF AKRON, APPELLANT.

(No. 80-1144—Decided December 30, 1980.)

*Messrs. Roetzal & Andress* and *Mr. Norman S. Carr,* for appellee.

*Messrs. Parms, Purnell & Stubbs* and *Mr. Edwin L. Parms,* for appellant.

PAUL W. BROWN, J.  Appellant raises three propositions of law in this appeal. The university first contends that: "Police and other law enforcement investigatory records compiled before January 18, 1980, the effective date of the amend-

ment of R. C. 149.43, are not 'public records' within the meaning of that section." We disagree.

In *Wooster Republican Printing Co.* v. *Wooster, supra* (56 Ohio St. 2d 126), paragraph four of the syllabus, this court held that: "Police and other law enforcement investigatory records are not subject to the compulsory disclosure provisions of R. C. 149.43." We reached this result construing former R. C. 149.43[2] together with R. C. 1347.08(F)[3] as it then stood. Both statutory provisions have undergone substantial legislative amendment (under Am. Sub. S. B. No. 62) so that they now clearly permit disclosure of law enforcement investigatory records under certain circumstances. R. C. 1347.08(F)[4] has been altered to allow access to the public records governed by R. C. 149.43. R. C. 149.43 currently provides, in pertinent part:

"(A) As used in this section:

"(1) 'Public record' means any record that is required to be kept by any governmental unit, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation and parole proceedings, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law.

---

[2] Former R. C. 149.43 stated:

"As used in this section, 'public record' means any record required to be kept by any governmental unit, including, but not limited to, state, county, city, village, township, and school district units, except records pertaining to physical or psychiatric examinations, adoption, probation, and parole proceedings, and records the release of which is prohibited by state or federal law.

"All public records shall be open at all reasonable times for inspection. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time."

[3] Former R. C. 1347.08(F) provided:

"This section does not allow a person to have access to any information compiled in reasonable anticipation of a civil or criminal action or proceeding."

[4] Effective January 18, 1980, R. C. 1347.08(F) was changed to read, in part, as follows:

"(F)(1) This section regulates access to personal information maintained in a personal information system by persons who are the subject of the information, but does not limit the authority of any person, including a person who is the subject of personal information maintained in a personal information system, to inspect or have copied, pursuant to section 149.43 of the Revised Code, a public record as defined in that section."

"(2) 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;

"(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity;

"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product;

"(d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source.

"* * *

"(4) 'Trial preparation record' means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney.

"(B) All public records shall be promptly prepared and made available to any member of the general public at all reasonable times for inspection. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division.

"(C) Chapter 1347 of the Revised Code does not limit the provisions of this section."

The university does not claim that police records made after the effective date of these amendments may not be inspected in accordance with the statutes as they now stand, but instead contends that law enforcement records made prior to the amendments may not be viewed under these newly-

enacted provisions. Reliance is placed upon R. C. 1.58,[5] which governs the application of legislative amendments. It is claimed that application of the present provisions of R. C. 149.43 to records made before its amendment would constitute a retroactive operation of the amendment in violation of R. C. 1.58. The university's reliance upon R. C. 1.58, however, is misplaced.

In examining R. C. 149.43, we initially note that it speaks in terms of "all public records" and makes no distinction for those records compiled prior to its effective date. More importantly, however, is the simple fact that Beacon Journal is not seeking to apply the statute in a retrospective manner, but is instead seeking present access to the records. Concededly, the creation of the records took place prior to the legislative amendment at issue, but this is not the conduct regulated by the statute. R. C. 149.43 deals with the availability of public records, not with the recordation function of governmental units. The date the records were made is not relevant under the statute. Since the statute merely deals with record disclosure, not record keeping, only a prospective duty is imposed upon those maintaining public records.

Even assuming that the statute as amended in some incidental manner operates retroactively, its application would not violate R. C. 1.58 as this court has construed that provision and its predecessor, R. C. 1.20. *Cleveland Trust Co.* v. *Eaton* (1970), 21 Ohio St. 2d 129, 140; *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234. Any interests in confidentiality that may have been affected by reliance upon prior law in compiling these reports

---

[5] R. C. 1.58 states:

"(A) The reenactment, amendment or repeal of a statute does not, except as provided in division (B) of this section:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

"(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;

"(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.

"(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

by the university are adequately safeguarded by R. C. 149.43 itself. These interests are dealt with extensively in R. C. 149.43(A)(2) and (4) which define "confidential law enforcement investigatory records" and "trial preparation records" which are exempted from public availability.

Accordingly, we conclude that law enforcement records compiled before the amendment of R. C. 149.43 are available to the public provided they are public records as defined by R. C. 149.43 and are not exempted from disclosure by its provisions.

The university in its final two propositions of law contends that the university police records sought here are not public records within the definition of R. C. 149.43, claiming that the records fall within either the "specific investigatory work product" exemption contained within R. C. 149.43(A)(2)(c) or the exemption in R. C. 149.43(A)(4) for "trial preparation records." An *in camera* review of these documents leads us to the conclusion that neither of these exemptions is applicable.

The materials sought by Beacon Journal can only be characterized as routine factual reports.[6] The university's police were simply fulfilling the duty imposed upon all law enforcement agencies to generate ongoing offense reports, chronicling factual events reported to them.[7]

This type of report does not fall within the statutory exemptions. R. C. 149.43 indicates that the exemptions within its provisions should be construed strictly against the custodian of the public records sought. R. C. 149.43(A)(2), defining "confidential law enforcement investigatory record," restricts

---

[6] The Court of Appeals in the instant cause aptly described the reports as follows:

"The crux of the matter, then, is whether the two reports fit into any of these exceptions. We find that they do not.***

"***There are no suspects named in the report other than the person who has already been tried and acquitted. There is no indication in the reports that they contain information submitted in confidence, or that any witnesses either requested or were promised anonymity.

"There are no confidential investigatory techniques apparent. On the contrary, the reports here in question reflect nothing more than routine investigatory procedures.

"There is no indication in the reports that disclosure would endanger law enforcement personnel, a crime victim, any witnesses, or any confidential information source."

[7] In *Dayton Newspapers* v. *Dayton* (1976), 45 Ohio St. 2d 107, this court construed the phrase "required to be kept" to include those situations "where the unit's keeping of such record is necessary to the unit's execution of its duties and responsibilities."

release only where there is a *"high probability* of disclosure" of one of the four enumerated exemptions. Further, the exception under R. C. 149.43(A)(2)(c) that the university relies upon contains the qualifying word "specific," exempting only *"specific* investigatory work product." Further, the other exception claimed here, that of trial preparation materials, also states that it is limited to information *"specifically* compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding***." (Emphasis added.) Clearly, the wording of the statute indicates that the General Assembly sought to guard against these exceptions swallowing up the rule which makes public records available. To accept the university's contentions would be to create such a result.

Other courts in examining what constitutes the work product of prosecutors and law enforcement officials have not held routine factual reports to. be within this type of material exempt from disclosure. *People* v. *Simone* (1977), 92 Misc. 2d 306, 401 N.Y. Supp. 2d 130, 134; *State* v. *Hardy* (1977), 293 N.C. 105, 126, 235 S.E. 2d 828. See, generally, Annotation, Validity, Construction and Application of Statutory Provisions Relating to Public Access to Police Records, 83 A.L.R. 3d 19. In addition, federal courts construing Section 552(b)(5), Title 5, United States Code, under the Freedom of Information Act and Section 552a(d)(5) under the Federal Privacy Act, provisions analogous to the trial preparation exemption within the Ohio statute, have treated them in light of the work product doctrine, *Smiertka* v. *United States Dept. of Treasury* (D.C.D.C. 1978), 447 F. Supp. 221, remanded on other grounds (C.A. D.C. 1979), 604 F. 2d 698, and have recognized that "the government cannot exempt pure statements of fact from disclosure***" under these exemptions. *Mervin* v. *Federal Trade Comm.* (C.A. D.C. 1978), 591 F. 2d 821, 826.

For the foregoing reasons, we conclude that the allowance of access to these routine incident reports by the Court of Appeals was proper, and its judgment is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and COLE, JJ., concur.

COLE, J., of the Third Appellate District, sitting for DOWD, J.