## State ex rel. Coleman
## v. Dayton
## Case No. 11383
## Montgomery County, (2nd)
## Decided February 13, 1990
[Cite as 1 AOA 44]

*Randall M. Dana, Ohio Public Defender, By: Randall L. Porter and Dale A. Baich, Assistant State Public Defenders, Ohio Public Defender Commission, 8 East Long Street, 11th Floor, Columbus, Ohio 43266-0587, Attorneys for Plaintiff-Relator*

*J. Anthony Sawyer, City Attorney, By: Paula V. Durden, Assistant City Attorney, 101 W. Third Street, P.O. Box 22, Dayton, Ohio 45402, Attorney for Defendant-Respondents*

*PER CURIAM.*

Relator filed this original action in mandamus in this court to compel the respondents to release records pertaining to the kidnapping of Oline Carmical and the investigation, arrest and prosecution of Alton Coleman and Debra Brown.

Relator asserted in the complaint that the respondents have an official duty to maintain records concerning "arrests, crimes committed and law enforcement investigating records." Relator further asserted that he made a statutory demand through his counsel pursuant to R.C. 149.43 to inspect these records. Relator stated that the respondents have refused to permit him to inspect the requested records because respondents assert the records are not

public because they are "police investigatory records."

In lieu of issuing an alternative writ, this court issued a pre-trial order requiring the parties to complete discovery, file stipulations by a date certain and for the respondent to file the documents they refused to disclose with the court for purposes of an "in camera" inspection. In an answer the respondents asserted that the relator did not have a clear legal right to the records as they were exempt from disclosure under R.C. 149.43.

The parties have agreed that there are 125 documents in the possession of the respondents related to the pertinent investigation. The respondents have released to relator 31 of the documents.

The remaining 94 documents have been filed with this court for in camera review. The parties further agreed that Detective Terence Pearson of the Dayton Police Department was in charge of the investigation surrounding the Carmical kidnapping, and the investigations of Brown and Coleman:

> (1) *"Public record" means any record that is kept by any public office,* including, but not limited to, state, county, city, village, township, and school district units, *except* medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law.
> (2) "Confidential law enforcement investigatory record" means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:
> (a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;
> (b) Information provided by an information source or witness to whom confidentiality has been reasonably promised,

which information would reasonably tend to disclose his identity;
> (c) Specific confidential investigatory techniques or procedures or specific investigatory work product;
> (d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source.
> * * * *
> (4) "Trial preparation record" means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney.

In *State ex rel. Nat'l Broadcasting Co.* v. *Cleveland* (1988), 38 Ohio St. 3d 79, the Ohio Supreme Court held that the governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43. The Court also held that the specific investigatory work production exception protects an investigator's deliberative and subjective analysis, his interpretation of the facts, his theory of the case, and his investigative plans. The exception does not encompass the objective facts and observations he has recorded. Routine factual reports do not fall within the "specific investigatory work product exemption" or the exemption for "trial preparation records." *State ex rel. Beacon Journal* v. *Univ. of Akron* (1984), 64 Ohio St. 2d 392.

We have carefully scrutinized the records submitted by the respondents and find they relate to the assault and robbery complaints made by Dallas and Flossie Davis and Millard and Catherine Gay in July 1984 in the City of Dayton. Coleman and Brown were jointly indicted by the Montgomery County Grand Jury for these offenses in Case No. 84-CR-1305. Since both Coleman and Brown received death penalty sentences in Hamilton County, Ohio and Lake County, Indiana, on unrelated charges the charges in Montgomery County against Brown and Coleman were dismissed by the Common Pleas Court on April 25, 1989 at the request of the prosecution. The records themselves consist of witness statements, summaries of witness statements, and police laboratory reports.

The respondents have failed to sustain their burden of demonstrating that any of the

requested records are excepted from disclosure under R.C. 149.43.

The relator has established he has a clear legal right to the records requested, that the respondents have a duty to disclose the requested records, and that he has no adequate remedy at law. *State ex rel. Williams* v. *Caton* (1977), 57 Ohio St. 2d 81. The relator's petition for writ of mandamus is hereby GRANTED.

JAMES A. BROGAN, Judge
MIKE FAIN, Judge
THOMAS J. GRADY, Judge