THE STATE, EX REL. MCGEE, *v.* OHIO STATE BOARD OF PSYCHOLOGY.

[Cite as State, ex rel. McGee, *v.* Ohio State Bd. of Psychology (1990), 49 Ohio St. 3d 59.]

(No. 89-1548—Submitted November 21, 1989—Decided February 21, 1990.)

Lane, Alton & Horst, Jeffrey J. Jurca and Sam B. Weiner, for relator.

Anthony J. Celebrezze, Jr., attorney general, and Lauren M. Ross, for respondent.

Solomon M. Fulero, for Dr. Cirino.

*Per Curiam.* Ohio's public records statute mandates release of public records, but explicitly excepts "confidential law enforcement investigatory records." R.C. 149.43(A)(2), *inter alia,* provides:

" 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;

"(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity[.]"

The State Board of Psychology's investigation of McGee fits within R.C. 149.43(A)(2) as a "confidential law enforcement investigatory record." The reference in R.C. 149.43(A)(2) to four types of law enforcement matters — criminal, quasi-criminal, civil, and administrative — evidences a clear statutory intention to include investigative activities of state licensing boards. See definitions of "agency" and "adjudication" in R.C. 119.01(A) and (D); and 1981 Ohio Atty. Gen. Ops. No. 81-014, at 2-49.

Under Ohio law, the board is charged with licensing and regulating psychologists, with authority to reprimand, or to suspend or revoke their licenses. The board investigates suspected misconduct and rule violations. See R.C. 4732.06 and 4732.17.

We find that at least one or both of the secondary requirements under R.C. 149.43(A)(2)(a) or (b) also exist. Release of the record creates a high probability of disclosure of uncharged suspects or informants to "whom confidentiality has been reasonably promised." Decisions to delay or not file charges do not override the confidential law enforcement investigatory exception. *State, ex rel. Thompson Newspapers, Inc.,* v. *Martin* (1989), 47 Ohio St. 3d 28, 546 N.E. 2d 939.

Under the specific facts of this case, we are satisfied that an *in camera* inspection is not required. But, see, *State, ex rel. Outlet Communications, Inc.,* v. *Lancaster Police Dept.* (1988), 38 Ohio St. 3d 324, 528 N.E. 2d 175; *State, ex rel. Fostoria Daily Review Co.,* v. *Fostoria Hosp. Assn.* (1988), 40 Ohio St. 3d 10, 531 N.E. 2d 313. The identity of uncharged suspects and confidential witnesses or information sources would necessarily be intertwined with any retained investigatory records.

This material may also qualify as an exempt "trial preparation record,"

under R.C. 149.43(A)(4), an issue not briefed here. When the board's investigator briefed the Attorney General's office in June 1989, criminal proceedings for alleged Medicaid fraud may reasonably have been anticipated. But, see, *Barton* v. *Shupe* (1988), 37 Ohio St. 3d 308, 525 N.E. 2d 812.

We also note McGee has alternative remedies available to him in connection with any criminal investigation. See *State, ex rel. Scanlon,* v. *Deters* (1989), 45 Ohio St. 3d 376, 544 N.E. 2d 680. Trial courts are fully able to decide R.C. 149.43 issues in any discovery process. *Henneman* v. *Toledo* (1988), 35 Ohio St. 3d 241, 520 N.E. 2d 207.

For the above-stated reasons, the writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.