## State ex rel. Zuern
## v.
## Leis
*[Cite as 2 AOA 2]*

*Case No. C-880791*
*Hamilton County, (1st)*
*Decided March 28, 1990*

*R.C. 149.43*

Jane P. Perry, Esq., and Randall L. Porter, Esq., Ohio Public Defender Commission, 8 East Long Street, 11th Floor Columbus, Ohio 43266, for Relator,

Arthur M. Ney, Jr., Prosecuting Attorney, and William E. Breyer, Esq., 420 Hamilton County Courthouse, 1000 Main Street, Cincinnati, Ohio 45202, for Respondents.

*Per Curiam.*

This original action in mandamus came on to be heard upon separate motions for summary judgment filed by relator, William G. Zuern, and respondents, Sheriff Simon L. Leis and the Hamilton County Sheriff's Office (hereafter collectively referred to as "the Sheriff"). Upon consideration of the motions, the supporting documents and the stipulation filed by the parties, we conclude that no genuine issues of material fact remain to be litigated and that relator Zuern is entitled to judgment as a matter of law.

In this action, Zuern seeks a writ of mandamus directing the Sheriff to disclose all of his investigative records pertaining to the homicide of Deputy Sheriff Phillip Pence, for which Zuern was convicted in 1984. Zuern asserts that the records are subject to the compulsory-disclosure provisions of R.C. 149.43, Ohio's public records law. The Sheriff has identified twenty-four documents contained in his investigative file, and has refused to disclose seventeen of those documents. While not disputing that the seventeen documents are "public records" under R.C. 149.43 (A) (1), the Sheriff claims that they are excepted from release as trial-preparation records under R.C. 149.43 (A) (4).[1]

The Sheriff has filed the refused documents, under seal, with this court.

A writ of mandamus may properly issue if the relator shows:

"(1) that the respondent is under a clear legal duty to perform the requested act;

"(2) that the relator has a clear legal right to the relief requested; and

"(3) that the relator has no plain and adequate remedy in the ordinary course of law." *State, ex rel. Webb, v. Bd. of Edn.* (1984), 10 Ohio St. 3d 27, 460 N.E.2d 1121.

In *State, ex rel. Natl. Broadcasting Co., v. Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E.2d 786, the Supreme Court held that a governmental body refusing to release records has the burden of proving that the records are expected from disclosure by R.C. 149.43, and stated that the exceptions to the disclosure requirement are to be strictly construed against the custodian of the records. *Id.* at 83-85, 526 N.E.2d at 790-91. The Court further held in *Natl. Broadcasting Co., supra* at paragraph four of the syllabus, that a court deciding a question of disclosure under R.C. 149.43 must make an individualized scrutiny of the records in question.

In *State, ex rel. Beacon Journal Publishing Co., v. Univ. of Akron* (1980), 64 Ohio St. 2d 392, 397-98, 415 N.E.2d 310, 314, a case involving the disclosure of certain police reports, the Court discussed the scope of the trial-preparation exception under R.C. 149.43 (A)(4) and found that routine factual reports do not fall within the exception. Thus, the police reports in *Beacon Journal* were found to be subject to disclosure because in preparing the reports, the police "were simply fulfilling the duty imposed upon all law enforcement agencies to generate ongoing offense reports, chronicling factual events reported to them." *Id.*

We have scrutinized the documents sought by Zuern in this case, and we find all of them to be the sort of routine factual reports discussed in *Beacon Journal, supra.* The documents consist merely of check-list forms concerning the offense committed by Zuern, reports of witnesses and detectives describing the offense, and numerous copies of photographs of the jail cell where the offense occurred. In each instance, the author or preparer of the document was merely performing the function of a law enforcement agency to generate a factual chronicle of the relevant events. We can find nothing in the documents that relates to the independent thought processes or personal trial preparation of an attorney, pursuant to the definition of trial-preparation records in R. C. 149.43(A) (4). Furthermore, the Sheriff has offered no specific basis to support a conclusion that the documents are trial-preparation records, other than a conclusionary labeling of them as such.[2]

The Sheriff argues that disclosure of the documents in this case, and in other cases involving police investigative files, would emasculate Crim. R. 16, which provides for limited discovery in criminal cases. It is

contended that instead of filing a Crim. R. 16 discovery request, criminal defendants would bring an R.C. 149.43 mandamus action, allowing them to obtain the entire file of the investigating agency. This argument is without merit because, as noted above, a relator bringing a mandamus claim must show that he has no plain and adequate remedy in the ordinary course of law, and as the Supreme Court held in *State, ex rel. Scanlon, v. Deters* (1989), 45 Ohio St. 3d 376, 544 N.E.2d 680, Crim. R. 16 is a plain and adequate alternative remedy to R.C. 149.43 during a criminal proceeding. Cf. *State, ex rel. Multimedia, Inc., v. Whalen* (1990), 48 Ohio St. 3d 41,___ N.E.2d ___.

Finding no genuine issues of material fact, and finding that relator Zuern is entitled to judgment as a matter of law, we grant his motion for summary judgment and we overrule the respondents' motion for summary judgment. It is ordered that a writ of mandamus issue requiring respondents to make the requested documents available to relator in accordance with R.C. 149.43.

As we have noted *supra*, the requested documents have been filed with this court under seal. Resultantly, to implement the granting of the motion of the relator for summary judgment and our order that a writ of mandamus issue requiring that the respondents disclose the contents of the requested documents and grant free access to them, we order further that the documents, which have been resealed by us, be returned to the respondents forthwith by the clerk of the Court of Appeals for Hamilton County by certified mail. Upon their receipt of the documents, the respondents are instructed to proceed to afford full access to them as ordered herein.

*Writ issued.*

DOAN, P.J., HILDEBRANDT and GORMAN, JJ.

___

[1] The relevant portions of R.C. 149.43 read as follows:

(A) As used in this section:

(1) "Public record" means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, * * * trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law.

* * *

(4) "Trial preparation record" means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding; including the independent thought processes and personal trial preparation of an attorney.

(B) All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * *

[2] We also note that most of the documents which the Sheriff has refused to disclose have already been revealed as discovery in a previous civil case in which Zuern was a party defendant.