**State, ex rel. Coleman**
**v.**
**Cincinnati**
*[Cite as 3 AOA 17]*

Case No. C-890356
Hamilton County (1st)
Decided May 3, 1990

*Randall M. Dana, Ohio Public Defender, Randall Porter, Esq., and Dale A. Baich, Esq., Ohio Public Defender Commission, Eight East Long Street, 11th Floor, Columbus, Ohio 43266, for Relator.*

*Richard A. Castellini, City Solicitor, and Karl P. Kadon III, Esq., Room 214, City Hall, 801 Plum Street, Cincinnati, Ohio 45202, for Respondents.*

*Per Curiam.*

This original action in Mandamus came on to be heard upon the petition for the writ, the answer of the respondents and the separate motions for summary judgment filed by the respondents, the City of Cincinnati; Michael Bierman, Director of Safety; and Lawrence E. Whalen, Chief of Police; and by the relator, Alton Coleman.

Prior to the filing of their motion for summary judgment, the respondents had filed a paper writing captioned Respondents' Memorandum in Opposition to Relator's Dispositive Motion, in conjunction with which respondents also filed six affidavits. The affidavits assert that all of the public records sought by relator pursuant to R.C. 149.43 were compiled specifically in reasonable anticipation of criminal proceedings, contain specific investigatory work product and may be, in some parts, protected by confidentiality requirements.

We found the paper writing captioned Relator's Dispositive Motion not to be appropriate to the case as one not cognizable under or authorized by rule or statute and, *sua sponte,* enlarged the time within which the parties could file stipulations as to the record and motions appropriate to the case.

No stipulations have been presented. However, a series of motions was filed by the parties.

Initially, the respondents moved for summary judgment incorporating by reference the several affidavits filed in conjunction with their memorandum in opposition to relator's dispositive motion.

The relator then moved for summary judgment and accompanied that motion with proposed findings of fact. Additionally, the relator moved to strike the said affidavits filed by the respondents. The respondents moved to strike the relator's proposed findings of fact.

The Court, being fully advised in the premises, finds that the motion of the relator to strike the affidavits filed by the respondents is not well taken and that the same ought to be, and is hereby, overruled. The Court finds further that the motion of the respondents to strike the relator's proposed findings of fact is well taken and that the same ought to be, and is hereby, granted.

The respondents have filed, under seal, a composite of seventy-seven groups of documents and papers with what the respondents caption an Inventory purportedly indicating which of the items sought by relator are to be revealed to him and which are not. The relator concedes that access to some groups of the documents and papers, *viz.,* groups seven through seventy-seven, has been provided to him.

We begin our resolution of the issues posed by the pleadings and the opposing motions for

summary judgment by finding that the documents sought by relator are public records under R.C. 149.43(A)(1). Indeed, the respondents concede, tacitly, this to be true by electing to base their resistance to the relator's prayer for a writ of mandamus not upon an assertion that the documents are not public records, but upon an assertion that they are exempt, for one reason or another, from disclosure.

Our finding that the documents before us are public records compels us to resort to the procedures mandated by the Supreme Court in *State, ex rel. Nat'l. Broadcasting Co., v. Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E.2d 786. See, also, *State, ex rel. Zuern, v. Leis (Mar, 28, 1990),* Hamilton App. No. C-880791, unreported.

In *State, ex rel. Nat'l. Broadcasting Co., supra,* the Supreme Court held that a governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43. The Court held further that the exceptions to the disclosure requirement are to be construed strictly against the custodian of the records. *Id.* at 83-85, 526 N.E.2d at 790-91 (citing *State, ex. rel. Plain Dealer Publishing Co., v. Lesak* [1984], 9 Ohio St. 3d 1, 457 N.E.2d 821).

In paragraph four of the syllabus of *State, ex. rel. Nat'l.* Broadcasting Co., supra, the court declared:

"When a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released."

The clarity of this instruction leads us to the conclusion that the utilization by counsel for the parties in this case of Civ. R. 56 is a useless endeavor. The affidavits submitted by the respondents provide no assistance to the Court except to embellish their answer. They cannot serve to *prove* that the documents are exempt; they can only *show* that there exists a genuine issue of material fact. Civ. R. 56 cannot, at least in this case, if not in all others similar to it, relieve us from making an independent, objective examination of the contents of the packets of documents filed under seal to determine whether any of them fall within the exceptions to disclosure under R.C. 149.43. We are persuaded, in part, to take this stance because of the observations of Justice Wright, who wrote for the Supreme Court in *State, ex rel. Nat'l. Broadcasting Co., supra* at 88, 526 N.E.2d at 789:

"[A] party requesting disclosure of a record is at a distinct disadvantage when challenging a government's claim of an exception to the public records law. Conversely, the custodian of the record has knowledge of the contents of the record."

In the case *sub judice,* the relator, being ignorant of the great majority of the contents of the sealed packets, could not have responded effectively to negate the thrust of the respondent's affidavits and, accordingly, avert the result ordinarily obtained by a movant who provides the court with affidavits and avails himself of the provisions of Civ. R. 56(E).

The respondents base their claim that the documents which they refuse to disclose are excepted by R.C. 149.43 essentially upon the assertion that such records were made in preparation for trial. Their original approach that disclosure is barred because the documents contain specific investigatory work product or, in part, are protected by confidentiality requirements seems to have been abandoned. At least, the respondents have failed to direct us specifically to those parts of the total collection so exempted from disclosure.

Resultantly, we are guided in our scrutiny of the disputed documents by the analysis by the Supreme Court of the scope of the trial-preparation exception under R.C. 149.43(A)(4) in *State, ex rel. Beacon Journal Publishing Co., v. Univ. of Akron* (1980), 64 Ohio St. 2d 392, 397-98, 415 N.E.2d 310, 314. There, the Court held that routine factual reports prepared by police in fulfilling the duty imposed upon all law enforcement agencies to generate ongoing offense reports chronicling factual events reported to them are subject to disclosure because they do not fall within the exception.

We have examined all of that which is within the sealed packets,[1] and find all of the documents and papers to be routine factual reports of the same general character as those contemplated in *State, ex rel. Beacon Journal, supra.* As far as can be determined by our scrutiny, the author or preparer of each of the separate components of the collection was performing his or her duty to generate a factual chronicle of the relevant events. No part of the contents of the sealed packets qualifies as trial-preparation records within the meaning of R.C. 149.43(A)(4). We note that the respondents

have provided us with nothing more than the unspecified assertions in their affidavits to refute our conclusion. See *State, ex rel. Zuern, supra.*

Because we have proceeded upon the authority of *State, ex rel. Nat'l. Broadcasting Co., supra,* we find both motions for summary judgment are inapposite to the case as it has been presented and, resultantly, they should be, and are hereby, overruled.

Upon consideration of the merits of this cause, we order that a writ of mandamus issue requiring the respondents to make the documents demanded available to the relator in accordance with R.C. 149.43.

Because this is an original action in a court of appeals, the respondents have the right to appeal our decision to the Supreme Court of Ohio. Obviously, if the relator is permitted to examine *instanter* the contents of the re-sealed packets which we have examined, respondent's right would be frustated because revelation of the public record would render the questions here adjudicated moot.

Therefore, the re-sealed packets are returned to the clerk of the Court of Appeals for Hamilton County to be held by him under such sealed condition for no more than seven (7) days from the date of our entry of judgment upon this decision to afford the respondents the opportunity to file an appeal to the Supreme Court of Ohio. If, after the expiration of the said seven (7) days, the respondents have not filed such appeal, the clerk is ordered to return the said packets of documents and papers to the respondents by certified mail. If the respondents file an appeal, the clerk is ordered to retain the said packets in his possession, under seal, until further order of this Court or the Supreme Court of Ohio.

*Writ issued.*

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ.

---

[1] The documents filed by respondents under seal are contained in two packets. The contents are not organized by numbers or by pagination. The items in their entirety have been replaced by us in the envelope from which they were extracted in the order in which we found them, and the envelopes have been re-sealed.