PINKAVA

v.

CORRIGAN, Prosecutor.

[Cite as *Pinkava v. Corrigan* (1990), 64 Ohio App.3d 499.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60041.

Decided Oct. 17, 1990.

*Robert L. Pinkava, pro se.*

*George J. Sadd,* Assistant Prosecuting Attorney, for respondent.

———————

NAHRA, Presiding Judge.

Relator, Robert L. Pinkava, is seeking a writ of mandamus ordering respondent, Prosecuting Attorney John T. Corrigan, to produce statements and medical reports of the examinations of the complainants in Cuyahoga

County Common Pleas Court case No. CR–44237 pursuant to R.C. 149.43.[1] Respondent moved to dismiss relator's petition alleging the documents are confidential law enforcement specific investigatory records, medical records and trial preparation records. This court ordered an *in camera* inspection of the records and received only a victim's statement. Respondent's counsel certified under oath that medical records were not in his file. For the following reasons we deny respondent's motion to dismiss and grant a writ of mandamus ordering respondent to provide a copy of the victim's statement to relator.

The issue before us is whether a victim's statement reporting an offense to a police officer is a public record. We hold that it is. Other courts have addressed this issue concerning witness statements. Two of three sister courts have found the statements to be public records subject to disclosure pursuant to R.C. 149.43 when the relator was not a defendant in the course of a criminal trial. *State, ex rel. Zuern, v. Leis* (Mar. 28, 1990), Hamilton App. No. C–880791, unreported, 1990 WL 33718, affirmed (1990), 56 Ohio St.3d 20, 564 N.E.2d 81; *State, ex rel. Coleman, v. Dayton* (Feb. 13, 1990), Montgomery App. No. 11383, unreported, 1990 WL 12687; *State, ex rel. Coleman, v. Norwood* (Aug. 2, 1989), Hamilton App. No. C–890075, unreported, 1989 WL 88835; contra *State, ex rel. Clark, v. Toledo* (Sept. 13, 1989), Lucas App. No. L–89–234, unreported, *reversed* (1990), 54 Ohio St.3d 55, 560 N.E.2d 1313. When the relator is a criminal defendant, Crim.R. 16 provides a plain and adequate alternative remedy to a mandamus action pursuant to R.C. 149.43. *State, ex rel. Scanlon, v. Deters* (1989), 45 Ohio St.3d 376, 544 N.E.2d 680. The relator herein is not a criminal defendant at trial and therefore has no plain and adequate alternative remedy to use to secure this document.

The statement under consideration in this case is a twelve-year-old girl's account of an offense committed against her. The statement contains a factual description of the offense as related to a police officer and contains no subjective analysis of any sort by any investigating officer. Consequently, the victim's statement cannot be excepted as specific investigatory work product under R.C. 149.43(A)(2)(c). See *State, ex rel. Natl. Broadcasting Co., v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786.

Nor does the statement constitute "trial preparation" as defined in the public records statute. Trial preparation records are records specifically compiled for or in anticipation of civil or criminal proceedings. R.C. 149.-43(A)(4); *Barton v. Shupe* (1988), 37 Ohio St.3d 308, 525 N.E.2d 812; *State, ex*

---

1. Relator pled guilty to two counts of rape in August 1979, in Cuyahoga Common Pleas Court case No. CR–44237.

*rel. Beacon Journal Pub. Co. v. Univ. of Akron* (1980), 64 Ohio St.2d 392, 18 O.O.3d 534, 415 N.E.2d 310. Even though a victim's statement eventually may constitute the basis of a prosecution or civil proceeding, when the police record the facts of an offense, they are performing foremost a routine part of their law enforcement duties and are not compiling material specifically for litigation. *Beacon Journal, supra,* 64 Ohio St.2d at 397–398, 18 O.O.3d at 537–538, 415 N.E.2d at 314; *State, ex rel. Zuern, v. Leis, supra,* Hamilton App. No. C–880791, unreported, 1990 WL 33718.

Accordingly, since neither claimed exemption applies to the victim's statement herein, respondent's motion to dismiss is denied. A writ of mandamus is granted ordering respondent to provide a copy of the victim's statement to relator at cost pursuant to R.C. 149.43.

*Writ granted.*

D<small>YKE</small> and A<small>NN</small> M<small>C</small>M<small>ANAMON</small>, JJ., concur.