**State, ex rel. Vindicator Printing Co.,**
**v.**
**Philomena**
*[Cite as 8 AOA 306]*

*Case No. 90 CA 42*
*Mahoning County, (7th)*
*Decided December 5, 1990*

*Stephen T. Bolton, 1100 Bank One Building, Youngstown, Ohio 44503, for Petitioner-Appellant.*

*James A. Philomena, Prosecuting Atty., Kathi McNabb Welsh, Asst. Pros. Atty., Mahoning County Courthouse, 120 Market Street, Youngstown, Ohio 44503, for Respondent-Appellee.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Mahoning County, Ohio.

On March 5, 1990, the trial court denied petitioner-appellant's, State of Ohio, ex rel. The Vindicator Printing Co., petition for writ of mandamus. The trial court determined that the petition for a writ of mandamus fails to demonstrate that the information requested by the appellant is subject to disclosure pursuant to R.C. 149.43.

On February 20, 1990, appellant sent a letter to respondent-appellee, Mahoning County prosecutor, James A. Philomena, Jr., requesting information in the form of a statement made by an alleged victim in connection with a criminal case against Anthony Zizzo. The letter was a request pursuant to R.C. 149.43, which defines and details the circumstances under which public records must be disclosed. On February 22, 1990, appellee responded to appellant's request by indicating that the prosecutor's office considered the statement exempt from disclosure because it was compiled during the prosecution of Zizzo, and because the maker of the statement expressed fear regarding her physical safety. In addition, appellee stated that the statement had been submitted to the grievance committee of the Mahoning County Bar Association, apparently with regard to a grievance filed against the defense attorney on the Zizzo case.

On February 26, 1990, appellant filed a petition for writ of mandamus, alleging the existence of the statement of the complaining witness in the Zizzo case. Appellant further alleged what it believed to be the contents of the statement and that appellant had been refused access to the statement by appellee, the Mahoning County prosecutor's office. Appellant further alleged that it had a clear legal right to receive a copy of the statement pursuant to R.C. 149.43, and that it had no other adequate remedy at law. On February

28, 1990, appellee responded with a motion for summary judgment. Attached to the motion for summary judgment was the sworn affidavit of assistant prosecutor Kenneth Bailey.

Appellee contended that the statement was a trial preparation record and was, therefore, exempt from disclosure pursuant to R.C. 149.43(A) (4). In addition, appellee argued that the witness who gave the statement expressed concerns about her well-being and, therefore, the statement was exempt pursuant to R.C. 149.43(A) (2) (d). Further, appellee argued that the Rule for the Government of the Bar, Rule V, Section 43, required that any documents relating to an investigation of a grievance not be released. Consequently, appellee argued that since the grievance committee had the statement, it was exempt from disclosure pursuant to R.C. 149.43(A) (1).

On March 5, 1990, the trial court filed a journal entry granting appellee judgment on the ground that the petition for a writ of mandamus fails to demonstrate that the information requested by the appellant is subject to disclosure pursuant to R.C. 149.43. It is from this determination that appellant seeks redress in this court of appeals.

Appellant sets forth eight assignments of error. The first four are interrelated and we will address them together. They are as follows:

"First Assignment of Error

"The Court erred in dismissing the Petition for Writ of Mandamus on the ground that Petitioner failed to demonstrate that the information requested by the Petitioner was subject to disclosure pursuant to R.C. 149.43."

"Second Assignment of Error

"The Court erred in failing to require the Respondent to demonstrate that the information requested by the Petition was not subject to disclosure pursuant to R.C. 149.43.

"Third Assignment of Error

"The Court erred in requiring the Petitioner to demonstrate that it had a clear legal right to the information requested in its Petition pursuant to R.C. 149.43."

"Fourth Assignment of Error

"The court erred in failing to review the information requested in the Petition to determine which parts should be disclosed to the Petitioner pursuant to R.C. 149.43."

The appellee's position is that the document sought by appellant is excepted from the disclosure requirements of R.C. 149.43 and that summary judgment was proper for the following reasons.

"1. The statement was a trial preparation record and expressly exempted pursuant to 149.43(A) (1).

"2. The statement was a confidential law enforcement investigatory record, the release of which could endanger the life of the victim. Thus, it was exempt from disclosure pursuant to O.R.C. 149.43(A) (2) (d).

"3. The release of the statement was prohibited by state law due to the pending investigation of the Mahoning County Bar Association Grievance Committee and was exempt from disclosure pursuant to O.R.C. 149.43(A) (1)."

R.C. 149.43, regarding availability of public records, in pertinent part, provides as follows:

"(A) As used in this section:

"(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, *except* medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, *trial preparation records, confidential law enforcement investigatory records*, and records the release of which is prohibited by state or federal law. (Emphasis added.)

"(2) ***

"***

"(d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source.

"***

"(4) 'Trial preparation record' means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney.

"(B) All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a rea-

sonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division."

R.C. 149.43(C) specifically provides that if any person allegedly is aggrieved by the failure of a government unit to promptly prepare a public record and make it available for inspection, in accordance with division (B), the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the governmental unit or the person responsible for the public record to comply with division (B).

The Ohio Supreme Court has provided extensive guidelines in interpreting R.C. 149.43 in the case of *State, ex rel. Natl. Broadcasting Co., v. Cleveland* (1988), 38 Ohio St. 3d 79. The syllabi of that case state as follows:

"1. Law enforcement investigatory records must be disclosed unless they are excepted from disclosure by R.C. 149.43. (*State, ex rel. Beacon Journal, v. Univ. of Akron* [1980], 64 Ohio St. 2d 392, 18 O.O. 3d 534, 415 N.E. 2d 310, approved and followed.)

"2. A governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43.

"3. The specific investigatory work product exception, R.C. 149.43(A) (2) (c), protects an investigator's deliberative and subjective analysis, his interpretation of the facts, his theory of the case, and his investigative plans. The exception does not encompass the objective facts and observations he has recorded.

"4. When a governmental body asserts that public records are excepted from disclosure and such *assertion is challenged, the court must make an individualized scrutiny of the records in question.* If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released." (Emphasis added.)

In the *National Broadcasting Co.* (NBC), case, *supra*, NBC re-quested disclosure of police investigatory files regarding twelve incidents in which Cleveland police officers used deadly force against private citizens. The City refused NBC access to the records, claiming that they were confidential law enforcement investigatory files and/or trial preparation records exempt from disclosure under R.C. 149.43. NBC petitioned for a writ of mandamus to compel the release of the records. The Cuyahoga County Court of Appeals denied the writ and accepted the City's claim without reviewing the records. On appeal, the Ohio Supreme Court remanded. It said that, when a governmental body claims that public records are exempt from disclosure, the records must be individually scrutinized by the reviewing court, any excepted information must be redacted, and the balance of the record released. The redacted portions should be sealed and preserved as part of the record for appeal.

R.C. 149.43(C) provides that a person denied access to a public record may seek relief through a mandamus action. Mandamus proceedings are governed by R.C. Chapter 2731. To proceed in mandamus, the petitioner must show: (1) that he has a right to the relief requested, (2) that the government agency has a clear legal duty to provide the records, and (3) that petitioner has no other plain or adequate remedy at law. *NBC* at 80.

In *NBC, supra*, the Ohio Supreme Court defined a trial reparation record as a record which is specifically compiled in anticipation of, or in defense of, a criminal action or proceed-ing. It would appear, then, that a statement by a witness or a victim would fit that description prior to the time of trial. Such is the statement of the victim herein. At least it would appear so from the designation as a "victim's statement." The problem we face is that the trial court did not require the appellee to present the statement in question for review by the court. The court simply held arguments of counsel and then, in essence, dismissed the appellant's petition, because on the face thereof, it did not form a basis for the relief claimed. The trial court stated:

"Based upon the pleadings filed in this matter, this Court finds that the petition for writ of mandamus fails to demonstrate that the information requested by the Petitioner is subject to disclosure pursuant to O.R.C. Section 149.43. As the petition fails to demonstrate a clear legal right to the relief prayed for, mandamus cannot lie."

In *NBC, supra*, the court stated, at page 85, as follows:

"The implication of the opinion below is that all police investigatory records qualify as trial preparation records in anticipation of criminal or civil litigation. When a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. If the court finds that these records contain excepted information this information must be redacted and any remaining information must be released. The data and records in question should be sealed and preserved as part of the record for possible appellate review."

The court in *NBC* thereupon stated that it could not [determine which portions of the City records should be released due to the limited nature of the appellate record before them. The court reversed the denial of the writ and remanded the cause to the lower court for further proceedings in accordance with the criteria and procedure noted in the opinion.

Other courts which have been requested to rule on the propriety of disclosure of statements taken pursuant to criminal cases have ruled that the statement in question must be scrutinized by the court to determine whether the statement does contain information that is not subject to disclosure and, thereafter, require the court to redact information which is not subject to disclosure. See *Sanford v. Kelly* (1989), 44 Ohio App. 3d 30; and *State, ex rel. Multimedia, Inc. v. Whalen* (1990), 48 Ohio St. 3d 41, wherein the court ordered production of tape recordings made by the Cincinnati Police Department of a shooting incident.

The appellee, upon having presented the statement to the trial court for the in-camera inspection, would thus bring forward facts that may sustain the burden of proof that is placed upon appellee by *NBC, supra,* to prove that the statement is exempt from disclosure. This was not done. Therefore, we find that appellant's first four assignments of error have merit to the extent that the trial court found on the *pleadings* in favor of the appellee rather than to hold an in-camera inspection and make a determination of whether or not the material therein was exempt under R.C. 149.43.

We are aware of the case that was cited by the appellee, *State, ex rel. McGee v. Ohio State Bd. of Psychology* (1990), 49 Ohio St. 3d 59, wherein the Supreme Court denied a writ without an in-camera inspection. We find that case to be sufficiently distinguishable as not to be controlling in the instant case.

A collateral issue was raised by the appellee in the trial court wherein it was argued that disclosure of the statement might be in violation of state law and exempt pursuant to R.C. 149.43(A) (1). Pursuant to Rule V, Section 43(a) of the Rules of the Government of the Bar, "All proceedings and documents relating to review and investigation of complaints made under these ·Rules shall be private ***." Additionally, Rule V, Section 3(d) provides that documents provided pursuant to Section 43 are not public records and are exempt from disclosure. Thus, the disclosure of the information is prohibited by Supreme Court rules.

Although the appellant argues that the disciplinary rules are not state law, such rules can be applicable to public records cases. In *Woodman v. Lakewood* (1988), 44 Ohio App. 3d 118, 120, an appellate court cited to the disciplinary rules in upholding a denial of mandamus. Analogously, the aforementioned Rules of the Government of the Bar can also be considered in prohibiting disclosure.

In the instant case, the above would hold true if the statement was still in the hands of the disciplinary committee and the matter was not concluded. These facts should be considered by the trial court; likewise, as to the victim's statement, in regards to whether or not the *Zizzo* trial has been concluded.

· To the extent we sustain appellant's first four assignments of error, the judgment of the trial court is reversed and the matter is remanded for further proceedings as stated in the opinion herein and as set forth in *NBC, supra.* Having thus held, appellant's fifth, sixth, seventh, and eighth assignments of error are mooted as they deal with procedures that appellant claims it was not permitted to accomplish.

Judgment reversed, cause remanded for further proceedings.

O'NEILL, P.J., concurs., COX, J., concurs.