THE STATE EX REL. BEACON JOURNAL PUBLISHING COMPANY, APPELLANT,
*v.* KENT STATE UNIVERSITY ET AL., APPELLEES.

[Cite as *State ex rel. Beacon Journal Publishing Co. v. Kent State Univ.* (1993), 68 Ohio St.3d 40.]

---

(No. 93–1056—Submitted September 28, 1993—Decided December 15, 1993.)

*Roetzel & Andress Co., L.P.A., Ronald S. Kopp, Amie L. Bruggeman* and *Howard Groedel,* for appellants.

*Lee I. Fisher,* Attorney General; *Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., Dennis R. Wilcox, Jack D. Maistros* and *Joseph M. Hegedus,* for appellees.

---

*Per Curiam.* We find that the court of appeals erred in exempting from release virtually all of the KSU investigative file and accordingly remand the case to the court of appeals for release of further documents.

The Ohio Public Records Act, R.C. 149.43, requires public officials to provide access to all public records upon request from a member of the public. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786. "R.C. 149.43 was intended by the General Assembly to be liberally construed to ensure that governmental records be open and made available to the public * * * subject only to a few very limited and narrow exceptions." *State ex rel. Williams v. Cleveland* (1992), 64 Ohio St.3d 544, 549, 597 N.E.2d 147, 151.

Admittedly, reversing the court of appeals' decision as to the disclosure of records on the basis of a factual determination, following its *in camera* review of the records, requires finding an abuse of discretion. *State ex rel. Hamblin v. Brooklyn* (1993), 67 Ohio St.3d 152, 153, 616 N.E.2d 883, 884; *State ex rel. Vindicator Printing Co. v. Watkins* (1993), 66 Ohio St.3d 129, 136–137, 609 N.E.2d 551, 558. However, relators labor under an imposing handicap, not having access to the records to prove an abuse of discretion. In fact, KSU, as a "governmental body refusing to release records[,] has the burden of proving that the records are excepted from disclosure by R.C. 149.43." *State ex rel. Natl. Broadcasting Co. v. Cleveland, supra,* at paragraph two of the syllabus.

As public records, "[l]aw enforcement investigatory records must be disclosed unless they are excepted from disclosure by R.C. 149.43." *Natl. Broadcasting Co., supra,* at paragraph one of the syllabus. However, respondents argue the documents are exempt "confidential law enforcement investigatory records" under R.C. 149.43(A)(2).

Exempting the records from release on that basis requires a two-step analysis. "First, is the record a confidential law enforcement record? Second, would release of the record 'create a high probability of disclosure' of any one of four kinds of information specified in R.C. 149.43(A)(2)?" *State ex rel. Polovischak v. Mayfield* (1990), 50 Ohio St.3d 51, 52, 552 N.E.2d 635, 637.

In fact, "the General Assembly sought to guard against these exceptions swallowing up the rule which makes public records available." *State ex rel. Beacon Journal Publishing Co. v. Univ. of Akron* (1980), 64 Ohio St.2d 392, 398, 18 O.O.3d 534, 538, 415 N.E.2d 310, 314. Like *Beacon Journal,* this case involves

that newspaper seeking a state university police investigative report, and the university seeks to exempt almost the entire file.

Relators argue that KSU wrongfully attempted to "privatize" a crime by granting confidential informer status to the victim who received the threatening notes. Yet Doe, as a witness fearful for his personal safety, qualifies as a "witness to whom confidentiality has been reasonably promised" under R.C. 149.43(A)(2)(b). See *State ex rel. Johnson v. Cleveland* (1992), 65 Ohio St.3d 331, 333, 603 N.E.2d 1011, 1013; *State ex rel. Polovischak v. Mayfield, supra.*

However, we find no basis under the facts to extend confidentiality to the *text* of the threatening letters. The letter writer clearly knew that Doe had reported the letters to the police, and no confidentiality interest protects their text. If the victim's name and any identifying features are deleted, the text of the letters would not, directly or by inference, identify the informant. Thus, releasing the redacted letters creates no "high probability of disclosure" of the confidential informant's identity.

The court of appeals also abused its discretion in applying the uncharged-suspect exception, R.C. 149.43(A)(2)(a), to exempt some internal documents of the admissions office. Police did not create these routine administrative documents, which were used for other than investigative purposes; in fact, most of these predated the investigation. More important, release of these documents would not create a "high probability" of disclosing either the informant's identity or the names of uncharged suspects. Nor would release of these documents compromise "confidential investigatory techniques" protected by R.C. 149.43(A)(2)(c). See *Natl. Broadcasting Co., supra*, 38 Ohio St.3d at 83, 526 N.E.2d at 790.

Thus the court of appeals needs to release certain student appointment forms, requests for leave, a seventeen-page schedule of visits and the computer printout of admissions office employees. (Files 34, 35, 39 and 41.) Of course, the court of appeals may make any appropriate redactions, *e.g.*, Social Security numbers.

Respondents also overused the exemption for investigatory work product, R.C. 149.43(A)(2)(c). That exemption "protects an investigator's deliberative and subjective analysis, his interpretation of the facts, his theory of the case, and his investigative plans. The exception does not encompass the objective facts and observations he has recorded." *NBC, supra*, at paragraph three of the syllabus. See, also, *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1991), 57 Ohio St.3d 77, 566 N.E.2d 146.

Accordingly, the court of appeals is directed to further inspect factual reports and release documents in selected files after any needed redaction to protect the identity of the confidential informant and various uncharged suspects. (See files 7, 22 [report on Cunningham], 31 [summary report] and 38 [summary report].)

The court of appeals did not abuse its discretion in finding the remainder of the investigative file exempt. Release of remaining documents would create a high probability of disclosing the protected identity of uncharged suspects and the confidential informant. Protected identities of uncharged suspects and confidential informants are inextricably intertwined with the remaining materials. See *State ex rel. Moreland v. Dayton* (1993), 67 Ohio St.3d 129, 616 N.E.2d 234; *State ex rel. McGee v. Ohio State Bd. of Psychology* (1990), 49 Ohio St.3d 59, 60, 550 N.E.2d 945, 947; *State ex rel. Thompson Newspapers, Inc. v. Martin* (1989), 47 Ohio St.3d 28, 546 N.E.2d 939. (Files 12, 14, 26, 33, 36 and 40, and the court of appeals' May 5, 1993 summary.)

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to that court for additional release of documents as follows:

a. Release the text of the threatening letters after deleting the recipient's name and any other language that would identity the victim. (Files 1, 2, 4, 11 and 42.)

b. Release nineteen student appointment forms (file 39), twenty-three requests for leave (file 34), the seventeen-page schedule of visits (file 34), eighty-two applications for leave (file 35), and a computer printout of all admissions office employees (file 41) after any appropriate redaction (for instance, to delete Social Security numbers).

c. Release, after appropriate redaction such as to conceal the identity of the informant and uncharged suspects, the factual reports in files 7, 22 (report on Cunningham), 31 (summary report) and 38 (summary report).

*Judgment accordingly.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., not participating.