PETREY, APPELLANT, *v.* SIMON, APPELLEE, ET AL.

(No. C-830913 — Decided November 21, 1984.)

*Greer & Fisse* and *Lawrence R. Fisse,* for appellant.

*Simon, Anninos & Namanworth Co., L.P.A.,* and *Eli Namanworth,* for appellee.

DOAN, J. This timely appeal follows the trial court's granting of appellee's Civ. R. 56 motion for summary judgment. The record reveals the path of this litigation to be long and complicated, with its genesis in an action initiated by appellee, Steven E. Simon, on behalf of his client Ruth Petrey, in the form of a motion to show cause filed on February 9, 1979, in the Court of Common Pleas, Division of Domestic Relations, Butler

County, Ohio. The motion to show cause stated that William Petrey, a.k.a. Chester Petrey, was in violation of that court's divorce decree order to pay child support to Ruth Petrey. A copy of the show cause motion was forwarded to Chester Petrey, who is the brother of appellant, Levi Petrey. Chester Petrey retained an attorney, David L. Kerr, who notified appellee that neither Chester Petrey nor his brother, Levi Petrey, was the former husband of Ruth Petrey. Neither appellant nor his brother appeared at the hearing on the motion to show cause. Appellant was not a party to that action, nor was he given notice of either the action or the hearing on the motion.

Appellee proceeded on the show cause motion. On February 23, 1979 a judgment entry was filed in the matter finding William Petrey in contempt of court and granting Ruth Petrey a lump sum child support arrearage judgment. The entry ordered that Ford Motor Company "withhold from personal earnings of William Petrey, known to defendant Ford Motor Company as L. H. Petrey, Social Security No. 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," a sum toward the arrearage and current child support amounting to $135 per week. Appellant alleges that appellee obtained the wage assignment by substituting appellant's social security number for the social security number given appellee by his client, Ruth Petrey. The record demonstrates that Ford Motor Company, attempting to comply with the order, withheld a total of $1,485 over an eleven-week period from the earnings of appellant. Kerr subsequently notified appellee that appellant's wages were being wrongfully taken; however, appellee refused to dissolve the wage assignment until Kerr documented both Levi Petrey's and Chester Petrey's identities.

As a result of the withholding of earnings from appellant, he[1] instituted litigation against Ruth Petrey and appellee in the nature of a civil suit for damages alleging malicious prosecution and abuse of process. Appellee filed a motion to dismiss as to himself, which the trial court granted. The trial court also granted appellant's Civ. R. 15 motion to file an amended complaint. Appellee's Civ. R. 12(B)(6) motion to dismiss the amended complaint, which was accompanied by an affidavit, was converted at hearing by the trial court to a motion for summary judgment pursuant to Civ. R. 12(B). The court granted the motion for summary judgment, relying on appellee's affidavit.[2] That judgment was appealed to this court and affirmed. *Petrey* v. *Simon* (Dec. 23, 1981), Hamilton App. No. C-800944, unreported. Thereafter the Ohio Supreme Court reversed this court's decision on the procedural basis that a court must notify all parties at least fourteen days before the time fixed for hearing when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154. Upon remand to the trial court appellant expanded the record with admissions by appellee and with affidavits. Appellee filed an affidavit different from that which he filed in the initial proceeding. The trial court thereafter granted ap-

---

[1] The original action, which included co-plaintiffs Chester Petrey and Minnie Melvina Petrey who are not parties to this appeal, resulted in default judgments against Ruth Petrey.

[2] The trial court reasoned that "* * * the unrebutted affidavit of defendant Simon establishes that he acted at all times with the full authority of his client, and since no cause of action is recognized in Ohio against an attorney so acting, defendant's Motion to Dismiss is well-taken."

pellee's Civ. R. 56 motion for summary judgment, from which judgment appellant appeals in the matter *sub judice.*

Appellant's single assignment of error alleges:

"The trial court committed prejudicial and reversible error by granting the defendant-appellee's motion for summary judgment and dismissing plaintiff-appellant's complaint."

The basic inquiry in our review is whether, from the state of the record, the trial court's granting of summary judgment can be sustained. In reviewing a summary judgment, the inferences to be drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled." *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433 [21 O.O.3d 267]; see, also, *Poller* v. *Columbia Broadcasting System, Inc.* (1962), 368 U.S. 464; *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150 [66 O.O.2d 311]. The reviewing court must follow the standard set forth in Civ. R. 56(C), which "specifically provides that before summary judgment may be granted, it must be determined that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327 [4 O.O.3d 466].

Appellee argues that our prior decision, and the dissent in the Ohio Supreme Court's decision, in *Petrey* v.

*Simon, supra,* are somehow dispositive of the summary judgment issue. We disagree, as in both cases the reviewing court was limited in its consideration to only the pleadings of appellant and an affidavit of appellee. The Ohio Supreme Court did not rule on the substantive issue here considered, save for the dissent, and reversed this court and the trial court on procedural grounds. The Ohio Supreme Court dissent merely stated the general rule in Ohio[3] regarding attorney immunity from liability to third parties arising from performance on behalf of a client and opined that in light of the state of the record *at that time* no genuine issue of material fact existed which would warrant a trial. The effect of the majority opinion was to return the case to the trial court for further proceedings which have now produced an expanded record for our current consideration of the summary judgment issue. See *Stemen* v. *Shibley* (1982), 11 Ohio App. 3d 263. The trial court has failed to illuminate us with his reasoning in granting appellee's motion for summary judgment; however, if the trial court felt bound to grant the motion based upon the appellate decisions, it committed error.

The expanded record in the matter *sub judice* includes the pleadings, two sets of interrogatories propounded by appellant and answered by appellee, an affidavit of attorney David Kerr, who represented appellant and Chester Petrey, an affidavit of appellant, and a new affidavit of appellee.

The general rule regarding attorney immunity is recited in *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98, paragraph one of the syllabus:

"An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on

---

[3] See *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98.

behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously."

It is obvious that appellant herein is a third party, without privity, whose property was seized. It is equally obvious that appellee enjoys a general immunity. Without commenting upon any duty of the trial court to reject an attorney's representation of a client's knowledge and authorization, we conclude that there were presented in the instant matter genuine issues of material fact as to appellee's good faith, the knowledge of his client, and the maliciousness of appellee's actions. Construing the allegations of the complaint most strongly in favor of appellant, it is represented by affidavit that appellee was on actual notice that appellant was not the party sought in the original action. This raises in our minds the factual questions of good faith and absence of malice in appellee's representation of his client. There is also evidence that appellee proceeded to withhold appellant's property after such notice and in the face of knowledge that appellant's name and social security number were different from that of the party sought. Additionally, the record reveals that appellant was neither a party to the original action nor given an opportunity, through notice, to defend. Thus, the evidence before the trial court construed most strongly in favor of the appellant could cause reasonable minds to differ on the questions of appellee's good faith and malice under *Scholler, supra.* Accordingly, we find appellant's assignment of error to be well-taken.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law and with this opinion.

PALMER, P.J., and KLUSMEIER, J., concur.