WOODMAN, APPELLANT, *v.* CITY OF LAKEWOOD ET AL., APPELLEES.

(No. 53647 — Decided
May 31, 1988.)

*Mark Schlachet,* for appellant.
*Calfee, Halter & Griswold, Mark I. Wallach* and *William E. Coughlin,* for appellee.

BASINGER, J. Plaintiff Robert P. Woodman appeals from a summary judgment for the defendant city and its law director, William E. Blackie, Jr., in this mandamus action for the disclosure of a public document under the Ohio Public Records Law, R.C. 149.43. Because the defendants released the contested document prior to the disposition of their motion, the plaintiff seeks only to enforce the prescribed forfeiture penalty for the defendant's dilatory disclosure. See former R.C. 149.99 (repealed during the pendency of this appeal in Section 2, Am. Sub. S. B. No. 275, 142 Ohio Laws ___, eff. Oct. 15, 1987) (for text of former R.C. 149.99, see 141 Ohio Laws, Part II, 2761, 2775).

The plaintiff in his sole assignment of error claims that the defendants were not entitled to summary judgment as a matter of law. He concedes that the requested document may have been encompassed by an attorney-client privilege between the city and its outside counsel. However, the plaintiff argues that the attorney-client privilege does not constitute an exception to the disclosure requirements of the Ohio Public Records Law. We disagree, and we affirm the judgment of the trial court.

I

The plaintiff filed a written request with the defendant city for the disclosure of a legal memorandum. The memorandum had been prepared three years earlier by outside counsel at the law director's request. The law director denied the request for disclosure, asserting that the memorandum was a privileged communication between the city and its counsel.

Eleven weeks later, after continued refusals by the city to make the record available for his review, the plaintiff filed his complaint against the city and its law director. The plaintiff sought a court order to disclose the document pursuant to R.C. 149.43 and penalties for the city's failure to disclose as provided in former R.C. 149.99.

The defendants moved for summary judgment, contemporaneously releasing the legal memorandum for public inspection. In support of the motion, the defendants attached the law director's affidavit which averred: "That legal opinion communicated legal advice to Lakewood's governing officials, and such legal advice was, and has been, kept confidential by the city government of Lakewood." The plaintiff moved for partial summary judgment, reserving the determination

of the appropriate penalty for a later proceeding.

The trial court granted the defendants' motion for summary judgment and denied the plaintiff's motion. From this decision the plaintiff now appeals.

## II

It is our view that the Ohio Public Records Law clearly exempts the disclosure of records subject to the attorney-client privilege as a recognized exception prohibited by state and federal law. Therefore, we believe the motion for summary judgment was correctly granted and hereby affirm the trial court's ruling.

An affidavit by appellees has asserted, which has not been controverted by appellant, that the materials sought to be disclosed in the within case are encompassed under the attorney-client privilege. The question raised is whether the attorney-client privilege establishes an exception to disclosure under the Ohio Public Records Law of records consisting of communications between attorneys and government clients where such communication does not fall within the delineated "trial preparation" exception of R.C. 149.43(A)(4).

The rather straightforward issue becomes whether the Ohio Public Records Law exemption precluding disclosure of a record "the release of which is prohibited by state or federal law" (R.C. 149.43[A][1]) encompasses those records covered under the attorney-client privilege. In reviewing the construction of the statute, we feel the legislature has sought to maintain those protections already in place, thereby precluding unwarranted disclosure of documents and materials, including those covered by the attorney-client privilege. A finding to the contrary would obfuscate the clear language of the statute and would create an anomaly whereby the attorney-client privilege of public institutions, and the relationships intended to be protected thereby, would not only be chilled but indeed, at times, would be severely hampered.

The common-law attorney-client privilege is firmly established in Ohio. See *In re Martin* (1943), 141 Ohio St. 87, 25 O.O. 225, 47 N.E. 2d 388, paragraph six of the syllabus; *Spitzer* v. *Stillings* (1924), 109 Ohio St. 297, 302, 142 N.E. 365, 366. The importance of the attorney-client privilege in Ohio is underscored by the common law embodiment of the privilege in the state's rules and statutes.

Confidential attorney-client communications are not subject to discovery. See Civ. R. 26(B)(1) (discovery permitted "regarding any matter, not privileged"). In addition, attorney-client communications are protected by a testimonial privilege guaranteed by statute. See R.C. 2317.02(A). Further, an attorney's disclosure of a client's confidences or secrets constitutes a violation of this state's Disciplinary Rules. See DR 4-101. Given the existence of the common-law attorney-client privilege, records subject to that privilege are exempt from the operation of R.C. 149.43 as a disclosure "prohibited by state * * * law." R.C. 149.43(A)(1). An application of federal law as discussed later in this opinion leads to a similar result.

Appellant's construction of the statute would disrupt the fiduciary relationship between the government client and the attorney. The very purpose of the attorney-client relationship is to encourage full and frank communications between client and counsel. *Upjohn Co.* v. *United States* (1981), 449 U.S. 383, 389; *Taylor* v. *Sheldon* (1961), 172 Ohio St. 118, 120-121, 15 O.O. 2d 206, 207, 173 N.E. 2d 892, 894; *Spitzer* v. *Stillings, supra;* 8 Wigmore, Evidence (McNaughton

Rev. Ed. 1961) 545, Section 2291; see, also, Ohio Code of Professional Responsibility EC 4-1.

Without the protection of the attorney-client privilege, governmental clients may be dissuaded from fully disclosing material information to their attorneys in apprehension of future public disclosure. Thus, an attorney would be handicapped in attempting to dispense appropriate legal counsel. Appellant concedes the chilling effect such a finding would have. This practical result was clearly not intended by the legislature.

Appellant argues that the statutory exclusion for trial preparation materials acts as a restriction on the exemption sought here. He contends, in light of the specifically delineated trial preparations exception, that the legislature, by the omission of a specific attorney-client privilege exception, chose not to include the attorney-client privilege. We find appellant's argument to be without merit for the reasons which follow.

The case of *In re Antitrust Grand Jury* (C.A. 6, 1986), 805 F. 2d 155, 163, is dispositive of this issue as raised by appellant, recognizing "[t]here may be some overlap, but the work product doctrine 'is distinct from and broader than the attorney-client privilege,'" quoting from *United States* v. *Nobles* (1975), 422 U.S. 225, 238, at fn. 11. In the within case, appellees do not invoke the "trial preparation" exception of the Ohio Public Records Law, but rather rely upon the common-law attorney-client privilege. The two doctrines are distinct from one another, and clearly not exclusive in their applicability. We feel that the legislature chose not to specifically include the privilege language in the statute, in that the exception is clearly established in law and therefore covered by the general exception.

We disagree with the reasoning of the appellant in the case at hand and his reliance upon *Montgomery Cty. Bd. of Commrs.* v. *Pub. Util. Comm.* (1986), 28 Ohio St. 3d 171, 175, 28 OBR 262, 266, 503 N.E. 2d 167, 170, in light of *In re Antitrust Grand Jury*, in a situation where, as in the present case, a general exception exists and is applicable to the materials in question.

Appellant also argues that allowing for the attorney-client privilege as an exception will overwhelm the Ohio Public Records Law. This argument is clearly without merit in light of the numeous states and the federal government which recognize the attorney-client privilege as an exception to their respective public records law.

We also rely on *State, ex rel. Jacobs,* v. *Prudoff* (1986), 30 Ohio App. 3d 89, 30 OBR 187, 506 N.E. 2d 927, in which the Court of Appeals for Lorain County, in remanding the cause on a factual issue, gleans from the Federal Freedom of Information Act the nature of applicable exemptions. The court in that case stated as follows:

"Furthermore, the Federal Freedom of Information Act (Section 552, Title 5, U.S. Code) includes the following exception to a general rule of disclosure for all information submitted to federal agencies * * *." *Id.* at 93-94, 30 OBR at 192, 506 N.E. 2d at 932.

We follow the same reasoning of the Lorain County Court of Appeals and apply the federally recognized exception relating to attorney-client privilege.

The Freedom of Information Act, Section 552(b)(5), Title 5, U.S. Code, also provides for an exemption which would exempt inter-agency or intra-agency memorandums or letters not available by law to a party other than an agency in litigation with the agency. The courts have interpreted that this exemption of materials includes the

attorney-client privilege, stating in *National Labor Relations Bd.* v. *Sears, Roebuck & Co.* (1975), 421 U.S. 132, 154:

"* * * The Senate Report states that Exemption 5 'would include the working papers of the agency attorney and documents which would come within the attorney-client privilege if applied to private parties,' S. Rep. No. 813, p. 2 * * *."

The court in *Mead Data Central, Inc.* v. *United States Dept. of the Air Force* (C.A.D.C. 1977), 566 F. 2d 242, 252-253, followed the NLRB case in its finding that:

"* * * We agree that the attorney-client privilege has a proper role to play in exemption five cases. The policy objective of that privilege is certainly consistent with the policy objective of the exemption. Exemption five is intended to protect the quality of agency decision-making by preventing the disclosure requirement of the FOIA [Freedom of Information Act] from cutting off the flow of information to agency decision-makers. Certainly this covers professional advice on legal questions which bears on those decisions. The opinion of even the finest attorney, however, is no better than the information which his client provides. In order to ensure that a client receives the best possible legal advice, based on a full and frank discussion with his attorney, the attorney-client privilege assures him that confidential communications to his attorney will not be disclosed without his consent. We see no reason why this same protection should not be extended to an agency's communications with its attorneys under exemption five.

"Other courts have also found that exemption five encompasses the attorney-client privilege. In *NLRB* v. *Sears, Roebuck & Co.,* although the Supreme Court rested its holding on the narrower privilege for an attorney's work product, which is restricted to material prepared in anticipation of litigation, it recognized that the attorney-client privilege is also included in exemption five: *Porter County Chapter of Izaak Walton League of America* v. *AEC,* 380 F. Supp. 630 (N.D. Ind. 1974), held that papers containing legal advice from staff counsel of the Atomic Energy Commission were exempt from disclosure under exemption five, reasoning that the threat of disclosure of the advice they received would 'severely impede lawyer-client communications within a governmental agency.' *Id.* at 633." (Footnotes omitted.)

The court in *Mead* remanded the cause for a determination of whether, *inter alia,* the necessary elements of the attorney-client privilege were present. In the instant case, there is no argument that attorney-client privilege would be applicable, in that the communication in question was a confidential one otherwise covered by privilege.

Finally, appellant's interpretation of R.C. 149.43 would have an effect unintended by the legislature. The Ohio Public Records Law applies only to recorded materials. See R.C. 149.43(B) (required disclosure of "public records"); and R.C. 149.011(G) (definition of "records"). In disclosing these records, attorneys and their governmental clients may feel compelled to revert to unrecorded oral communications in order to protect their communications from possible public disclosure. The government unit would become less efficient due to the increased chance of miscommunication. Public policy favors an institution being able to freely seek legal advice and for advice to be given in document form without concerns over a breach of privilege by public disclosure.

For these reasons we conclude

that the trial court correctly determined that attorney-client privilege constitutes an exemption to the disclosure requirements under the Ohio Public Records Law exception of materials the release of which is prohibited by state or federal law. Therefore, we affirm the judgment of the trial court.

*Judgment affirmed.*

PARRINO, J., concurs.

MATIA, P.J., dissents.

RANDALL L. BASINGER, J., of the Court of Common Pleas of Putnam County, and THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.

DAVID T. MATIA, P.J., dissenting. I respectfully dissent from the majority opinion.

A reviewing court must follow the standard stated in Civ. R. 56(C) to determine whether a trial court erred in granting summary judgment. *Petrey* v. *Simon* (1984), 19 Ohio App. 3d 285, 287, 19 OBR 456, 458, 484 N.E. 2d 257, 259. Accordingly, it must be determined that:

" '(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' * * *" *Petrey* v. *Simon, supra,* quoting from *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

Contrary to the appellees' contention, the moving party is not entitled to summary judgment merely by showing through uncontroverted affidavits that no genuine issue of material fact exists. Summary judgment shall be entered only where "appropriate" and where the moving party is entitled to judgment as a matter of law. Civ. R. 56; *Toledo's Great Eastern Shoppers City, Inc.* v. *Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St. 3d 198, 202, 24 OBR 426, 429, 494 N.E. 2d 1101, 1104; *Bd. of Managers for the Jager Condominium Assn.* v. *Perry* (May 1, 1975), Cuyahoga App. No. 34096, unreported, at 3-4.

In this case the appellant contends that the appellees were not entitled to judgment as a matter of law. The appellant does not dispute that the requested legal memorandum ordinarily may well have been protected under an attorney-client privilege. The appellant simply argues that the attorney-client privilege does not constitute a ground for the denial of a request for documents under R.C. 149.43.

The Ohio Public Records Law provides in relevant part:

"(A) As used in this section:

"(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, *except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law.*

"* * *

"(4) 'Trial preparation record' means any record that contains information that is specifically compiled in

reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney.

"(B) All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division." (Emphasis added.)

In construing this provision, the custodian of public records, here the city and its law director, bears the burden of showing that the requested information is not subject to disclosure. *Dayton Newspapers, Inc.* v. *Dayton* (1976), 45 Ohio St. 2d 107, 110, 74 O.O. 2d 209, 211, 341 N.E. 2d 576, 578. Exceptions to the disclosure requirements of R.C. 149.43(B) must be strictly construed against the custodian of the records. *State, ex rel. Dayton Newspapers, Inc.,* v. *Rauch* (1984), 12 Ohio St. 3d 100, 12 OBR 87, 88, 465 N.E. 2d 458, 459; cf. *State, ex rel. Plain Dealer Publishing Co.,* v. *Krouse* (1977), 51 Ohio St. 2d 1, 2, 5 O.O. 3d 1, 1-2, 364 N.E. 2d 854, 855. Any doubt should be resolved in favor of the public disclosure of the requested records. *Dayton Newspapers, Inc.* v. *Dayton, supra.*

R.C. 149.43(A)(1) enumerates the exceptions to the disclosure requirements of the Ohio Public Records Law. "Clearly, the wording of the statute indicates that the General Assembly sought to guard against these exceptions swallowing up the rule which makes public records available." *State, ex rel. Beacon Journal*

*Publishing Co.,* v. *Univ. of Akron* (1980), 64 Ohio St. 2d 392, 398, 18 O.O. 3d 534, 538, 415 N.E. 2d 310, 314. The law specifically excludes those records prepared in reasonable anticipation of liltigation. See R.C. 149.43(A)(4). This "trial preparation" exception adequately safeguards the relationship a governmental body has with its independent counsel. Cf. *State, ex rel. Beacon Journal Publishing Co.,* v. *Univ. of Akron, supra,* at 396-397, 18 O.O. 3d at 537, 415 N.E. 2d at 313-314.

Besides, the "release" of the requested document *prior* to the trial court's ruling on the motion for summary judgment raises the question of the sufficiency of the argument that the document was subject to the attorney-client privilege. The statute does not provide a specific exception for the attorney-client privilege. Compare California Public Records Act, Section 625(K), Cal. Governmental Code (West 1987) (exception for records "relating to privilege"); Colorado Open Records Act, Section 24-72-204(3)(a)(IV), Colo. Rev. Stat. (1986) (exception for "privileged information"); Michigan Freedom of Information Act, Section 15.243(1)(h), Mich. Comp. Laws Ann. (West 1987). As a matter of statutory construction, the specific mention of one thing implies the exclusion of another, particularly in definitional statutory provisions. *Montgomery Cty. Bd. of Commrs.* v. *Pub. Util. Comm.* (1986), 28 Ohio St. 3d 171, 175, 28 OBR 262, 266, 503 N.E. 2d 167, 170.

Further, the construction given comparable legislation in other states is given great weight in construing Ohio statutory provisions. Cf. *Schneider* v. *Laffoon* (1965), 4 Ohio St. 2d 89, 96, 33 O.O. 2d 468, 472, 212 N.E. 2d 801, 806; *Koster* v. *Boudreaux* (1982), 11 Ohio App. 3d 1, 6-7, 11 OBR 12, 18, 463 N.E. 2d 39, 45. The Florida Public Record Act, Section 119.01 *et*

seq., Fla. Stat. Ann. (West 1987), similarly provides that materials prepared exclusively in anticipation of litigation are not subject to disclosure. *Id.* at Section 119.07(3)(o). The Supreme Court of Florida, reasoning that the trial preparation exception constitutes the extent of its legislature's intended protection for attorney-client communications, held that its statutory attorney-client privilege does not constitute an exception to disclosure. *North Miami* v. *Miami Herald Publishing Co.* (Fla. 1985), 468 So. 2d 218, 220.

The Arkansas Freedom of Information Act, Sections 25-19-101 to 25-19-107, Ark. Code Ann. (1987), contains no trial preparation exception. Moreover, because the Act contains no express attorney-client privilege exception as one of the enumerated exceptions to disclosure, the Supreme Court of Arkansas held that litigation files are open to public review. *Scott* v. *Smith* (1987), 292 Ark. 174, 176, 728 S.W. 2d 515, 516.

The cases from the state of New York cited by the appellees are unpersuasive. The New York Freedom of Information Law, Public Officers Law, Sections 84 to 90 (McKinney 1988), like the Arkansas statute, provides no express protection for attorney-client communications. Contrary to the holding of the Arkansas court, the court in *Steele* v. *New York Dept. of Health* (1983), 119 Misc. 2d 963, 966, 464 N.Y.Supp. 2d 925, 927, held that the attorney-client privilege protected an intra-agency legal memorandum from disclosure. In *Austin* v. *Purcell* (1984), 103 App. Div. 2d 827, 478 N.Y.Supp. 2d 64, the majority, declining to base its decision on the attorney-client privilege, merely held that a report prepared by an agency's independent counsel did not fall within one of the exceptions to disclosure for intra-agency materials.

The majority view in this case, compared to the hereinabove referred to holdings of our sister states, castrates Ohio's Public Records Law by applying an attorney-client privilege which is inappropriate in this case. Contrary to the appellees' contention, an attorney's compliance with the Ohio Public Records Law would not violate the Ohio Code of Professional Responsibility. The code expressly provides that an attorney may disclose his client's confidences and secrets as required by law. DR 4-101(C)(2). Further, the Ohio Public Records Law does not conflict with Ohio's attorney-client privilege as embodied in R.C. 2317.02(A). That provision only guarantees a testimonial privilege and is to be strictly construed. Cf. *Weis* v. *Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E. 2d 245, 169 A.L.R. 668, paragraph four of the syllabus.

Finally, note that the contested memorandum dealt with the issue of whether an action by an elected official would violate this state's ethics in government laws. Certainly this issue was of paramount importance to the citizens of the appellees' community. The memorandum is precisely the type of material intended by the General Assembly to be subject to prompt public disclosure.

Accordingly, I would reverse the judgment of the trial court and remand for further proceedings.