[Cite as *DeCrane v. Cleveland*, 2018-Ohio-3650.]

| | |
|---|---|
| SEAN P. DECRANE | Case No. 2018-00355PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF CLEVELAND | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

{¶2} On February 16, 2018, attorney Subodh Chandra sent a letter to respondent City of Cleveland making a public records request on behalf of requester Sean DeCrane to inspect the following:

1. All records of written correspondence between William Menzalora and Thomas Hanculak (counsel for Local 93) between May 15, 2017 and June 15, 2017. Please include records reflecting Mr. Hanculak's communications with Mr. Menzolara regarding the Chandra Law Firm or any of its personnel conducting fact-witness interviews current or former members of the Division of Fire regarding *DeCrane v. Eckart, et al.* and Mr. Menzolara giving his approval for such interviews and/or indicating that the City did not need to be notified of such interviews.

2. Records of phone calls to and from Mr. Menzalora for the months of May and June 2017, including itemized call logs for both his desk and mobile phones, redacted to remove all calls that are not to or from Mr. Hanculak. If calls with Mr. Hanculak can be readily identified and isolated, you may provide records of only those phone calls. Otherwise, please provide such records for May and June 2017.

3. Voicemails from Mr. Hanculak to Mr. Menzalora from May and June 2017.

(Complaint at 2.) The Cleveland Public Records Center (PRC) acknowledged receipt the same day, stating that the request was being processed for response. (*Id.* at 4.) The PRC conducted a search for the requested records (Amos Aff. at ¶ 4.), and on March 28, 2018 sent DeCrane responses for each numbered request as follows:

1. There is no written correspondence, except for as follows: The search for emails between Tom Hanculak and William Menzalora based on the use of Hanculak's last name as a search term revealed an email address for Mr. Hanculak (tmhanculak@aol.com), which the City searched and yielded two emails. Those are attached.

2. The call log for Mr. Menzalora is protected by attorney client privilege and attorney work product as the calls and numbers on the log are inextricably intertwined to the extent that redaction is not possible. In addition, Mr. Menzalora does not have a work cell phone. However, in a good effort to comply with your request, without waiving the above objections, a search was performed for Mr. Hanculak's office number, which appeared in the attached emails (as no phone number was provided). That number was then searched on Mr. Menzalora's office phone log for any instance of "442," the first three digits of Mr. Hanculak's office line (which would also have yielded any accompanying sub-lines to his main office line). No "442" numbers appeared anywhere in the log.

3. There are no voicemails.

(*Id.* at ¶ 5; Reply, Exhibit 1.)

{¶3} On March 6, 2018 (prior to the City's response), DeCrane filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). The parties engaged in two mediation sessions. On May 30, 2018, the

court was notified that mediation had failed to fully resolve the dispute. On June 13, 2018, the City filed its answer (Response), asserting that the requests were overly broad, and separately, that it had conducted a search for responsive records and provided DeCrane with the results of the search, rendering the requests moot. On June 26, 2018, DeCrane filed a reply in which he stated that the City had not provided all responsive records, specifically from Mr. Menzalora's personal mobile phone. (Reply at 1.)

**Suggestion of Mootness**

{¶4} A public office may produce records prior to the court's decision, and thereby render a claim for production under R.C. 149.43(B)(1) moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. The City asserts that all three requests have been rendered moot by production of all responsive records kept by the City. (Response at 2-4, 6-7; Amos Affidavit at ¶ 4-6; Reply, Exhibit 1.) DeCrane provides no affirmative evidence to the contrary, stating only that he "does not accept that the City of Cleveland has provided all existing public records responsive to this request," and has "reason to believe" that responsive records from Menzalora's personal mobile phone have not been provided. (Reply at 1.)

{¶5} A public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9. The office may establish by affidavit that all records have been provided to the extent they exist. *State ex rel. Fant v. Flaherty,* 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992); *State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 15. The office's affidavit may be rebutted by clear and convincing evidence showing a genuine issue of fact, but the bare assertion of reasonable and good faith belief that additional records exist does not constitute sufficient evidence. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 22-26. *See State ex rel.*

*Chatfield v. Gammill*, 132 Ohio St.3d 36, 2012-Ohio-1862, 968 N.E.2d 477, ¶ 3; *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13-14; *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 8th Dist. Cuyahoga No. 83057, 2004-Ohio-1261, ¶ 9.

{¶6} The City provides evidence that it reviewed its files and located two responsive records to DeCrane's request No. 1. (Response at 2-4, 6; Amos Aff. at ¶ 4-6.) The City asserts that Menzalora did not use any personal email account for work purposes, and that there was no other written correspondence. (Response at 6.) The City provides evidence that, in the absence of any specific search criteria from DeCrane in request No. 2, it researched the named calling party's office number prefix, used it to search Menzalora's office phone log, and found no instance of the prefix in the requested time frame. (Response at 2-4, 6-7; Amos Aff. at ¶ 4-5.) The City provided evidence that it conducted a search for voicemail responsive to request No. 3, and asserts that there were no responsive voicemails on any device, private or personal. (Response at 2, 9; Amos Aff. at ¶ 4-5.)

> DeCrane asserts that he
>
> has reason to believe that the City has failed to provide responsive records from * * * Menzalora's personal accounts and devices, on which he conducted City of Cleveland business—specifically, his mobile phone. DeCrane believes such records exist based on the City's partial response to this request, as well as from the testimony of Thomas Hanculak—the other person referred to within the public records request.

(Reply at 1.) DeCrane provides no demonstrative evidence in support of this belief.

{¶7} Instead, DeCrane observes that the City's response to his request did not expressly state that its search for responsive records had included Menzalora's personal email and devices "on which responsive records would likely be kept" (*Id.* at 2.). DeCrane also asserts that Thomas Hanculak once "called the City via * * * Menzalora." (*Id.* at 2, 4, fn. 6; *Id.*, Exhibit 3 at ¶ 6.) Neither fact is probative of storage of official City records on Menzalora's personal accounts or devices. The City's

general response that it reviewed its files and conducted a search for records neither confirms or denies that the review and search included the employee's personal devices (if required – see following section). Further, the City's response did assert that "Menzalora does not use a personal email account for work matters" (Response at 6), and implies that the City did check for voicemails on Menzalora's personal mobile phone. (Response at 9, "there were no voicemails from Mr. Hanculak on any device, whether private or personal.") Hanculak's affidavit statement that he once "called" Menzalora, with no indication of whether the call was made to an office or personal number, has no probative value regarding the existence of records on Menzalora's personal accounts or devices.

**{¶8}** I find that the City has conducted a search based on the requests, provided responsive records identified by the search, and attested to the non-existence of any additional responsive records. DeCrane provides no clear and convincing evidence to the contrary. I conclude that DeCrane's claims for production of records are now moot.

### Search of Personal Communication Devices and Accounts

**{¶9}** DeCrane argues that the City violated R.C. 149.43(B) by not conducting a search on Menzalora's personal devices and accounts for documents responsive to the requests. (Reply at 2-4.) DeCrane cites no Ohio law requiring a routine search of employee's personal devices in response to public records requests, and the cases cited as implying such a requirement are inapposite. First, DeCrane cites an order issued in *State ex rel. Bott Law Group, LLC v. Ohio Dept. of Natural Res.*, 10th Dist. Franklin No. 12AP-448, 2013-Ohio-5219, ¶ 24-29, 51, for the ODNR to search for records that may be stored only on employees' "personal computers."[1] However, this order referred to the employees' individual office-issued computers as opposed to a

---

[1] "Personal Computer (PC) – a small computer, usually one that comes with Microsoft Windows. Designed for use by one person at any time." *Black's Law Dictionary Free Online Legal Dictionary*, 2nd Ed., https://thelawdictionary.org/letter/p/page/51/ (Accessed August 6, 2018).

shared server, and did not require the search of any employee's private computer. *Id.* In the other case cited, *Glasgow, supra*, DeCrane notes that a public official voluntarily conceded some of the emails she sent in her official capacity had been kept on her personal email account and produced them as records subject to disclosure under R.C. 149.43. *Id.* at ¶ 23. Given this concession, the Court determined it "need not address the issue whether an e-mail message sent from or to a private account can be a public record." *Id.* Moreover, the issue in this case is not whether email to or from a private account can *ever* be a public record, but whether a public office is required to search employees' private accounts on the off-chance that they may contain business records of the office. Neither case cited by DeCrane imposes such a requirement.

{¶10} To be sure, a public office has a duty to retrieve public records from wherever they are kept by the office, a matter often addressed in the office's records retention schedules. *See* R.C. 149.39 (Records commission shall "provide rules for retention and disposal of records of the municipal corporation"); R.C. 149.43(B)(2) ("A public office also shall have available a copy of its current records retention schedule at a location readily available to the public"). However, the public office has no duty to detail for the requester the steps taken to search for records. *McCaffrey, supra*, at ¶ 26. DeCrane provides no evidence that the official copy of any requested record here has been kept on a City employee's personal device. The City must therefore be presumed to have performed its duties regularly and in a lawful manner. *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 29. I find that DeCrane fails to show by clear and convincing evidence that the City's search and retrieval process violated R.C. 149.43(B).

{¶11} Finally, with regard to creation and retention of official records, R.C. 149.40 provides that a public office shall cause to be made:

> only such records as are necessary for the adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency and for the

protection of the legal and financial rights of the state and persons directly affected by the agency's activities.

Ohio records laws provides various remedies for claims that records have been disposed of improperly, including injunction, forfeiture, replevin, and criminal prosecution. *See e.g.*, R.C. 149.351, R.C. 149.352, R.C. 2913.42. However, to the extent DeCrane seeks to sanction the City's alleged failure to create, retain, or properly dispose of records here, his complaint does not state a claim for which relief is available under R.C. 2743.75.

### Request for Non-Records

{¶12} A public office has no duty to disclose non-records. *State ex rel. Fant v. Enright*, 66 Ohio St.3d 186,188, 610 N.E.2d 997 (1993). A "record" is defined as

> any document, device, or item, regardless of physical form or characteristic, * * * *created or received by or coming under the jurisdiction of any public office* of the state or its political subdivisions, *which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.*

(Emphasis added.) R.C. 149.011(G). Further, the obligations of the Ohio Public Records Act apply only to records *kept by* a public office. R.C. 149.43(A)(1). There is no evidence in this case that the City of Cleveland has received or ever sought Menzalora's personal mobile phone call detail records, or that it considers such documents to be under its jurisdiction. Indeed, there is no evidence that Menzalora himself obtains his call detail records from his mobile telephone service provider. Nor is there any indication that the City requires its counsel to use information from their personal mobile telephone provider call detail sheets to record the identity and timing of business calls, or that such information is necessary to document the organization, functions, policies, decisions, procedures, operations, or other activities of the City of Cleveland. There is no evidence that the City requires, receives, or "keeps" employee personal telephone records – which would be evidenced, for example, if they were a

scheduled item in the City's records retention schedule. Menzalora's personal phone service provider call detail documents thus fail to satisfy the definitions of both "record" and "public record." R.C. 149.011(G); R.C. 149.43(A)(1).

{¶13} DeCrane has not established by clear and convincing evidence that Menzalora's personal telephone call detail documents are a record kept by the City of Cleveland, and the City was therefore under no duty to produce them.

**Additional Defenses**

{¶14} The City also raised the defenses of overbreadth as to all the requests, and of attorney-client privilege as to any responsive phone logs for Mr. Menzalora. (Response at 3-4, 6, 9.) Because the City did not locate any call logs responsive to request No. 2, there are no documents before the court to analyze for potential attorney-client privileged material. The court need not engage in speculative analysis of a defense that has no application to the facts of this case.

{¶15} With respect to the defense of overbreadth, the City's response letter stated that "Overall, your request is overly broad under Ohio R.C. 149.43(B)(2)," and noted the lack of specific telephone numbers and email addresses of correspondents to the requested communication. The City offered to discuss the requests further if DeCrane wished. (Reply, Exhibit 1.) DeCrane did not respond or contact the City's public records office in response to these observations or invitation. (Amos Affidavit at ¶ 7.)

{¶16} Despite its assertion of overbreadth, the City proceeded with efforts to satisfy DeCrane's requests, resulting in the successful defenses of mootness and non-existence. Under these circumstances, it is unnecessary for the court to determine whether any of DeCrane's requests were improperly ambiguous, overly broad, or otherwise failed to reasonably identify the records sought within the meaning of R.C. 149.43(B)(2).

**Timeliness**

{¶17} The six weeks between the request and the City's response of March 28, 2018 arguably exceeded the requirement in R.C. 149.43(B)(1) that records be prepared "promptly" for inspection. However, the court may note that DeCrane filed his complaint only eighteen days after the request was made. While this court should not hesitate to apply its available sanctions for untimely production – respondent's reimbursement of the filing fee, and assessment of court costs – when warranted, neither should it reward premature filing of actions when a response has been promised by the public office and may be imminent.

{¶18} Further, the resolution of this action was significantly delayed by requester's failure to respond fully or timely to two orders and a notice of the court (issued June 14, 2018, June 28, 2018, and July 18, 2018) directing him to separately address the status of each of his three requests in a reply. The resulting delay compromised the purpose of these proceedings to be "an *expeditious* and economical procedure." R.C. 2743.75(A).

{¶19} I therefore recommend that costs be assessed to requester in this matter.

**Conclusion**

{¶20} Upon consideration of the pleadings and attachments, I recommend that the court find that the City rendered the claims for production moot shortly after the filing of the complaint, and that DeCrane has therefore failed to establish by clear and convincing evidence that the City violated R.C. 149.43(B). Accordingly, I recommend that the court issue an order DENYING DeCrane's claims for production. I further recommend that court costs be assessed to requester.

{¶21} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with*

*particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*


JEFFERY W. CLARK
Special Master


**Filed August 7, 2018**
**Sent to S.C. Reporter 9/10/18**